IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEIJIN LIMITED, TEIJIN PHARMA LIMITED, and TAKEDA PHARMACEUTICALS U.S.A., INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNIMARK REMEDIES LTD., <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. _____ ) ) ) ) ) |

## COMPLAINT

Plaintiffs Teijin Limited ("Teijin Ltd."), together with its subsidiary Teijin Pharma Limited ("Teijin Pharma Ltd.") (collectively, "Teijin"), and Takeda Pharmaceuticals U.S.A., Inc. ("Takeda") (collectively, "Plaintiffs"), for their Complaint against Defendant Unimark Remedies Ltd. ("Unimark"), hereby allege as follows:

## PARTIES

1. Plaintiff Teijin Ltd. is a Japanese corporation, having a principal place of business at 6-7, Minami-Hommachi 1-chome, Chuo-ku, Osaka 541-8587, Japan.

2. Plaintiff Teijin Pharma Ltd. is a Japanese corporation, having its principal place of business at 2-1, Kasumigaseki 3-chome, Chiyoda-ku, Tokyo 100-8585, Japan.

3. Plaintiff Takeda is a Delaware corporation, having its principal place of business at 1 Takeda Parkway, Deerfield, Illinois 60015.

4. Upon information and belief, Unimark is a corporation organized and existing under the laws of India, having a principal place of business at Enterprise Center, 1st Floor, Orchid Lane, Nehru Road, Vile Parle (East), Mumbai 40099. On information and belief, Unimark, directly or through its agent, is in the business of, among other things, developing,

manufacturing, packaging, and selling active pharmaceutical ingredients and pharmaceutical products for the United States market.

## NATURE OF THE ACTION

5. This is a civil action for infringement of U.S. Patent No. 7,361,676 ("the '676 patent" or "patent-in-suit"). This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant Unimark by virtue of, *inter alia*, the fact that Unimark has committed, or aided, abetted, contributed to, or participated in the commission of, the tortious act of patent infringement under 35 U.S.C. § 271(e)(2), which has led and/or will lead to foreseeable harm and injury to Plaintiffs, including Plaintiff Takeda, a Delaware corporation.

8. On information and belief, Unimark has submitted over forty type II drug master files ("DMF") to the U.S. Food and Drug Administration ("FDA"), providing information about Unimark's manufacture of various drug substances, including but not limited to DMF No. 25761 concerning "febuxostate [sic] as manufactured in Gujarat, India."

9. On information and belief, upon FDA approval of Unimark's Abbreviated New Drug Application ("ANDA") No. 205380, Unimark and/or its affiliates or agents will market and sell tablets containing 40 and 80 mg of febuxostat ("Unimark Generic Product") in Delaware and will derive substantial revenue therefrom.

10. On information and belief, upon FDA approval of Unimark's ANDA, Unimark and/or its affiliates or agents will market, offer for sale, and/or sell the Unimark

Generic Product with the reasonable expectation or knowledge and intent that such product will ultimately be purchased and used by consumers in this District.

11. Defendant Unimark is also presently a party to another civil action pending in this District that arises under the Hatch-Waxman Act and the Patent Laws of the United States. *See Sanofi v. Unimark Remedies Ltd., et al.*, C.A. No. 14-876-RGA. Unimark filed its answer in that action on September 24, 2014. *Id.* at D.I. 10.

12. Alternatively, should the Court find that the above facts do not establish personal jurisdiction over Unimark in this action, this Court may exercise jurisdiction over Unimark pursuant to Fed. R. Civil P. 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Unimark is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Unimark has sufficient contacts with the United States as a whole, including but not limited to submitting ANDAs and DMFs to the FDA, and manufacturing and selling active pharmaceutical ingredients that are used in pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Unimark satisfies due process.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN-SUIT

14. On April 22, 2008, the '676 patent, titled "Solid Preparation Containing Single Crystal Form," was duly and legally issued. A copy of the '676 patent is attached as Exhibit A.

15. Teijin Ltd. is the owner of the '676 patent. Teijin Pharma Ltd. and Takeda hold exclusive licenses with respect to the '676 patent.

## ACTS GIVING RISE TO THIS ACTION

16. Takeda holds New Drug Application ("NDA") No. 21-856 for oral tablets containing 40 or 80 mg of the active ingredient febuxostat. Takeda markets and sells these tablets in the United States under the brand name "Uloric®."

17. Pursuant to 21 U.S.C. § 355(b)(1), the '676 patent is listed in the FDA's publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book") as covering Uloric® or its use.

18. Upon information and belief, Unimark submitted ANDA No. 205380 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)). Upon information and belief, Unimark's ANDA seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale of the Unimark Generic Product prior to the expiration of the '676 patent.

19. Upon information and belief, pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act, Unimark certified in ANDA No. 205380 that the claims of the '676 patent will not be infringed by the commercial manufacture, use, or sale of the Unimark Generic Product, and/or the claims of the '676 patent are invalid.

20. Plaintiffs received written notification of Unimark's ANDA and its accompanying § 505(j)(2)(A)(vii)(IV) certification by a letter ("Notice Letter"), dated September 23, 2014 and sent via Federal Express and certified U.S. mail.

21. Unimark's Notice Letter included an accompanying Offer of Confidential Access ("OCA") to certain Unimark confidential information regarding the Unimark Generic Product. Plaintiffs have negotiated with Unimark to obtain limited excerpts of Unimark's ANDA and received those excerpts on October 7, 2014.

22. Unimark's Notice Letter does not deny that the Unimark Generic Product contains polymorph A. The limited information relating to the Unimark Generic Product that has been provided to Plaintiffs to date does not demonstrate that the Unimark Generic Product does not and will not fall within the scope of any issued claim of the '676 patent.

23. Unimark's Notice Letter does not refer to a certification with respect to U.S. Patent No. 5,614,520 ("the '520 patent"), and does not provide any detailed statement with regard to the '520 patent. Accordingly, upon information and belief, Unimark's ANDA No. 2053803 contains a "Paragraph III" certification with respect to the '520 patent pursuant to 21 U.S.C. § 5 05(j)(2)(A)(vii)(III). The expiration date of the '520 patent is March 25, 2019.

24. Unimark's Notice Letter does not refer to a certification with respect to U.S. Patent No. 6,225,474 ("the '474 patent"), and does not provide any detailed statement with regard to the '474 patent. Accordingly, upon information and belief, Unimark's ANDA No. 205380 contains a "Paragraph III" certification with respect to the '474 patent pursuant to 21 U.S.C. § 5 05(j)(2)(A)(vii)(III). The expiration date of the '474 patent is June 18, 2019.

### INFRINGEMENT OF U.S. PATENT NO. 7,361,676

25. Plaintiffs re-allege paragraphs 1-24 as if fully set forth herein.

26. Upon information and belief, Unimark's submission of ANDA No. 205380 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constitutes infringement of the '676 patent under 35 U.S.C. § 271(e)(2)(A).

27. Upon information and belief, the commercial manufacture, use, offer to sell, sale, or import of the Unimark Generic Product, if approved by the FDA prior to the expiration of the '676 patent, including any applicable exclusivities or extensions, would infringe the '676 patent under 35 U.S.C. § 271(a), (b), and/or (c).

28. Upon information and belief, Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Unimark's ANDA No. 205380 be a date that is not earlier than the expiration of the term of the '676 patent, including any extension granted by the USPTO pursuant to 35 U.S.C. §§ 154 or 156, or any later expiration of exclusivity for the '676 patent to which Plaintiffs are or become entitled.

29. Plaintiffs will be irreparably harmed by Unimark's infringing activities, unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

30. Upon information and belief, Unimark was aware of the existence of the '676 patent, and was also aware that the filing of its ANDA and accompanying § 505(j)(2)(A)(vii)(IV) certification with respect to the '676 patent constituted an act of infringement of the '676 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A. That Unimark has infringed the '676 patent;

B. That pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 205380 under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the expiration of the '676 patent, including any applicable exclusivities or extensions;

C. That Unimark, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from commercially manufacturing, using, offering to sell, selling, or importing into the United States the Unimark Generic Product and any other product that infringes or induces or

contributes to the infringement of one or more claims of the '676 patent prior to its expiration, including any exclusivities or extensions;

    D. That Plaintiffs be awarded the attorney fees, costs, and expenses that they incur prosecuting this action; and

    E. That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

              /s/ Maryellen Noreika
              Jack B. Blumenfeld (#1014)
              Maryellen Noreika (#3208)
              1201 North Market Street
OF COUNSEL:         P.O. Box 1347
              Wilmington, DE 19899
Bruce M. Wexler        (302) 658-9200
Joseph M. O'Malley, Jr.      jblumenfeld@mnat.com
David M. Conca        mnoreika@mnat.com
Melanie R. Rupert
Jason T. Christiansen       *Attorneys for Takeda Pharmaceuticals U.S.A.*
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

*Attorneys for Teijin Limited and Teijin Pharma Limited*

William F. Cavanaugh, Jr.
Scott B. Howard
Zhiqiang Liu
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Takeda Pharmaceuticals U.S.A., Inc.*

November 4, 2014